**CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY FARZAN, : | |
| : | **Civil Action No. 10-2463 (SRC)** |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| CSI DELEEUW, : | |
| : | |
| Defendant. : | |

**CHESLER**, District Judge

     This matter was opened by the Court t *sua sponte* o address its concern that it lacks subject matter jurisdiction over this case. The Court issued an Order To Show Cause on May 27, 2010 [docket entry 5], directing removing Defendant CSI Deleeuw ("Defendant") to demonstrate that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, upon which Defendant based its removal of this action from the Superior Court of New Jersey, Law Division, Morris County. As the Court expressed in its Order To Show Cause, the Complaint filed by *pro se* Plaintiff Ray Farzan ("Plaintiff" or "Farzan") does not state a federal cause of action. Having reviewed Defendant's response to the Order To Show Cause, the Court remains unsatisfied that federal question jurisdiction exists.

     Defendant has argued that the Court should construe the Complaint to plead a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and/or

the Age Discrimination in Employment Act, 29 U.S.C. § 626 et seq. ("ADEA") because the operative facts on which the instant civil action is based also formed the basis for the charges that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), which proceeding is expressly referenced in the Complaint.  Defendant also points to the EEOC right to sue letter, which Plaintiff attaches to the Complaint, as further indication that the Complaint essentially asserts Title VII and ADEA claims.  Defendant has presented the Court with no binding authority to support this argument and, moreover, has failed to persuade the Court that such construction of the Complaint is reasonable and justified.  Deeming Plaintiff's cause of action to arise under Title VII, for example, merely because he initially sought redress from the EEOC for the alleged discrimination would also deem him to have knowingly elected to pursue his rights and remedies as circumscribed by Title VII.  In the Court's view, it is neither fair nor warranted to make such an assumption where a plaintiff has not expressly sought relief under Title VII and his claim is otherwise pursuable under a state anti-discrimination cause of action, in particular, the New Jersey Law Against Discrimination, which may offer superior rights and remedies to a plaintiff.  Indeed, Plaintiff has demonstrated that he knows how to invoke a cause of action under Title VII and under the ADEA when he wishes to.  Defendant has attached to its response a copy of a complaint filed by Farzan, *pro se*, in this Court on or about March 18, 2010, which in contrast to the Complaint in the instant action, states that the action arises under "42 US Code § § 1981 and 2000 . . . Title VII of the Civil Rights Act of 1964[,] the Age Discrimination in Employment Act (ADEA)."  (Def. 6/4/2010 Ltr., Ex. C.)

      Additionally, despite Defendant's arguments to the contrary, the artful pleading doctrine does not apply.  Defendant has not shown that Plaintiff has "omitt[ed] to plead necessary federal

questions in [his] complaint." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22 (1983).  It is well-settled, that a plaintiff may keep his action in state court by deliberately choosing to forego federal causes of action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In short, applying the well-pleaded complaint rule, this Court concludes that this action does not arise under federal law.  Id. (holding that the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  Defendant, which removed this action pursuant to 28 U.S.C. § 1441, has failed to carry its burden of demonstrating that there is federal subject matter jurisdiction over the action.  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Title 28 U.S.C. § 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

Accordingly, for the reasons set forth above and in the Court's Order To Show Cause of May 27, 2010,

**IT IS** on this 17th day of June, 2010,

**ORDERED** that, pursuant to 28 U.S.C. § 1447(d), this action be and hereby is **REMANDED** to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

3